```
UNITED STATES DISTRICT COURT                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK               DOCUMENT
------------------------------------ X      ELECTRONICALLY FILED
UNITED STATES OF AMERICA,            :      DOC #: _____
                                     :      DATE FILED: Aug. 28, 2013
                                     :      No. 00 Cr. 15 (JFK)
        - against -                  :
                                     :      MEMORANDUM OPINION
MOKHTAR HAOUARI,                     :      AND ORDER
                                     :
                        Defendant.   :
------------------------------------ X
```

**John F. Keenan, United States District Judge:**

Before the Court is a motion under 18 U.S.C. § 3006A for appointment of counsel. For the reasons that follow, the motion is denied.

On July 13, 2001, Petitioner Mokhtar Haouari ("Haouari" or "Petitioner") was convicted after a jury trial of conspiracy to provide material support to a terrorist act and of four counts of fraud. The judgment was affirmed by the Second Circuit. See United States v. Meskini, 319 F.3d 88 (2d Cir. 2003). In May 2004, Haouari filed his first § 2255 motion, which this Court denied in May 2006. See Haouari v. United States, 429 F. Supp. 2d 671 (S.D.N.Y. 2006). The Second Circuit twice denied Petitioner authorization to file a second or successive § 2255 petition, most recently on March 11, 2013. (Pet'r Aff. Exh. F.) Petitioner now moves this Court for appointment of counsel to assist him in investigating the purported recantation by a Government witness who was a coconspirator of Haouari.

Although prisoners do not have a constitutional right to counsel when collaterally attacking their convictions, Pennsylvania v. Finley, 481 U.S. 551 (1987), the Court has discretion to appoint counsel for § 2255 petitioners when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The paramount factor considered by courts in determining whether to appoint counsel to indigent habeas petitioners is "whether the indigent's position seems likely to be of substance." Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (internal quotation marks and citation omitted). In order to make such a determination, the Court must decide whether, "the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." Ferrer v. Artus, No. 04 Civ. 5063, 2005 WL 1653878 at *2-3 (S.D.N.Y. July 12, 2005) (internal quotation marks and citations omitted).

Haouari contends that he needs an attorney to aid him in investigating the purported recantation of testimony by Ahmed Ressam ("Ressam"), a Government cooperator who testified against him. Previously, Ressam had been convicted of various crimes involving terrorism and entered a cooperation agreement to testify against his coconspirators including Haouari. In 2007, Ressam sent a letter to the United States Attorney's office claiming that he was not mentally competent when he testified

against Haouari and that Haouari "is an innocent man." In light of this letter, which the Government shared with Haouari, Petitioner sought leave to file a second or successive § 2255 petition. The Second Circuit denied this request, holding:

> [A] specific, sworn recantation is necessary to contradict sworn trial testimony that has been subject to cross examination, together with the critical view that we take toward co-conspirator recantations, leads us to conclude that such unsworn recantations do not constitute "evidence" within the meaning of 28 U.S.C. § 2244(b)(2)(B), much less " clear and convincing " evidence.

Haouari v. United States, 510 F.3d 350, 354 (2d Cir. 2007) (citations omitted).

On May 17, 2010, Haouari received a signed and notarized declaration from Ressam, swearing to the statements he made in the 2007 letter to the Government. Haouari provided this to the Second Circuit, which again denied leave to file a successive § 2255 motion:

> We recognize that Petitioner has now provided a sworn declaration from his coconspirator, Ahmed Ressam, attesting to the veracity of Ressam's prior recantation of his testimony at Petitioner's trial, responding to one of our concerns in denying without prejudice Petitioner's 2007 successive motion based on that recantation. However, Ressam's recantation remains generalized and conclusory, and, thus, insufficient . . . . In any event, Petitioner has not demonstrated by clear and convincing evidence that, absent Ressam's testimony, and in light of the evidence as a whole, no reasonable juror would have found Petitioner guilty of the underlying offense.

(Pet'r Mot. Exh. F). Petitioner argues before this Court that he

needs an attorney to explore in greater detail Ressam's recantation.

The Petitioner's request is denied, as elaboration of Ressam's recantation would not provide support for Haouari's habeas petition. As the Second Circuit found, Haouari has not made a showing that a reasonable juror would not have convicted him absent Ressam's testimony. Indeed, the Court agrees with the Second Circuit that the Government adduced evidence at trial other than Ressam's testimony connecting Haouari to a terrorist plot to bomb the Los Angeles International Airport on New Year's Day 2000. See Haouari, 510 F.3d at 352. Because Petitioner's claims are without merit, appointment of counsel is unwarranted, and the application is denied. See Peterson v. Greene, No. 06 Civ. 41, 2008 WL 2464273 at *40-41 (S.D.N.Y. June 18, 2008).

SO ORDERED.

Dated: New York, New York
August 27, 2013

*John F. Keenan*
John F. Keenan
United States District Judge